UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICTORIA RECKTENWALD,

                      Plaintiff,

      v.

FORSTER & GARBUS, LLP,

                      Defendant.
_____

DECISION & ORDER

20-CV-6044G

           Plaintiff Victoria Recktenwald filed this action against defendant Forster & Garbus, LLP ("Forster") asserting claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Docket # 1). Forster answered the complaint on July 8, 2020. (Docket # 6). Currently pending before this Court is Forster's motion for leave to file a third-party complaint against proposed third-party defendants Automatic Data Processing, Inc. ("ADP") and HN1 Corporation ("HN1"). (Docket # 17). The proposed third-party complaint asserts a claim for indemnification or contribution against ADP and HN1 in the event that Forster is determined to be liable to Recktenwald for the claim alleged in the complaint. (Docket # 17-4 at 4).

           Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant "may, as a third-party plaintiff, serve a summons and complaint against a nonparty who is or may be liable to it for all or part of the claim against it." *See* Fed. R. Civ. P. 14(a). Leave of the court is required if the third-party plaintiff seeks to file the third-party complaint more than fourteen days after filing its answer to the complaint. *Id.* "Impleader is appropriate when the third-party defendant's liability to the third-party plaintiff is dependent upon the outcome of the main claim or the third-party defendant is potentially secondarily liable as a contributor to the

defendant." *Too, Inc. v. Koh'ls Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003) (internal quotations omitted).  Factors relevant to the determination of whether to permit the filing of a third-party complaint include: (1) whether the movant deliberately delayed or was derelict in filing the motion; (2) whether impleading would delay or unduly complicate the trial; (3) whether impleading would prejudice the third-party defendant; and (4) whether the proposed third-party complaint states a claim upon which relief can be granted." *Fashion-in-Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.*, 1999 WL 500149, *6 (S.D.N.Y. 1999) (quotations omitted).

Forster filed the pending motion on November 2, 2020, seeking to assert a claim for contribution or indemnification against the proposed third-party defendants for amounts for which Forster may be determined to owe to Recktenwald.  (Docket # 17).  This Court issued a motion scheduling order requiring any response to the motion to be filed on or before November 24, 2020.  (Docket ## 18, 19).  Recktenwald did not oppose the motion, and the record before the Court does not suggest any prejudice, undue delay or complexity, or facial futility.  *See Fortunato v. Chase Bank USA, N.A.*, 2011 WL 5574884, *2 (S.D.N.Y. 2011) ("[e]ach of the four factors favor impleader[;] . . . [a]s [p]laintiff has raised no objection to the application, the Court believes the most prudent course of action is to permit impleader and allow the third-party claims to be tested through fully briefed motion practice"); *Schnabel v. Sullivan*, 2006 WL 8439516, *4 (E.D.N.Y. 2006) ("[a]s [p]laintiff does not oppose [d]efendants' motion, the motion for leave to file a third party complaint is [granted]").  Accordingly, Forster's motion to file the proposed third-party complaint **(Docket # 17)** is **GRANTED**, and oral argument scheduled for December

3, 2020 is **CANCELLED**.  Forster is directed to file and serve the third-party complaint on HN1 and ADP within thirty days of the date of this Order.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated:  Rochester, New York
         November 30, 2020